IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISREAL S. DIAZ, | : | Civil No. 1:25-CV-00307 |
| Plaintiff, | : | |
| v. | : | |
| DIPIERO, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Plaintiff's motion to appoint counsel with a motion to proceed *in forma pauperis* and an amended complaint attached as exhibits. (Docs. 14, 14-1, 14-2.) For the following reasons, this court will reopen the case, grant the motion to proceed *in forma pauperis*, screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the amended complaint, and grant Plaintiff leave to further amend his complaint.

### BACKGROUND AND PROCEDURAL HISTORY

Isreal S. Diaz ("Plaintiff"), a self-represented inmate currently housed at the State Correction Institution Benner Township ("SCI-Benner Township"), initiated this action by filing a complaint, which was received and docketed in the United States District Court for the Eastern District of Pennsylvania on February 12, 2025. (Doc. 1.) The case was transferred to this district on February 20, 2025. (Doc. 3.) On that same day, this court issued an administrative order directing Plaintiff to

1

pay the filing fee, file a completed application to proceed *in forma pauperis* within thirty days, or face the complaint being dismissed. (Doc. 6.)

The court did not receive either a filing fee or the completed application to proceed *in forma pauperis* and dismissed the complaint without prejudice on April 3, 2025. (Doc. 8.) On June 11, 2025, the court received and docketed a motion to reopen the case. (Doc. 12.) The court denied this motion and granted Plaintiff leave to renew the motion with either a completed motion to proceed *in forma pauperis* or the filing fee paid in full. (Doc. 13.)

On July 18, 2025, the court received and docketed a motion to appoint counsel with a motion to proceed *in forma pauperis* and an amended complaint attached as exhibits. (Doc. 14, 14-1, 14-2.) In this amended complaint, Plaintiff names two defendants: (1) Correctional Office Taylor ("Taylor") and (2) Correctional Officer Shover ("Shover"). (Doc. 14-2, p. 3.)[1] He alleges that on October 10, 2024, while he was housed in the H-Block at SCI-Dallas, another inmate assaulted him and he received multiple stabs in the right side of his skull. (*Id.*, p. 6.) He states that "[a]t that time C.O. Taylor and C.O. Shover were assigned to the H-Block. They saw the assault being done to me and did nothing to protect me." (*Id.*) Based on these facts, Plaintiff brings a failure to protect claim under the Eighth Amendment. (*Id.*, p. 5.)

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

The court will grant the motion to proceed *in forma pauperis* and direct the Clerk of Court to file the amended complaint as a separate document in CM/ECF.[2] The court will now proceed with screening the amended complaint and addressing the motion to appoint counsel.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Dallas, located in Luzerne County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

## SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to 2 state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions

---

[2] In the motion for appointment of counsel, Plaintiff also requests that this case be combined with Case No. 25-CV-805. (Doc. 14, p. 1–2.) However, a review of the docket in Case No. 25-CV-805 demonstrates it is unrelated to this case, and the request will be denied.

to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. Plaintiff's Eighth Amendment Claim Will Be Dismissed Without Prejudice.

The sole claim raised in the complaint is an Eighth Amendment failure to protect claim premised on Defendants' alleged failure to intervene in an inmate-on-inmate attack in which Plaintiff was allegedly hurt. (Doc. 1, p. 6.)

As a matter of law, there is no duty of an unarmed officer to physically intervene in a prison fight which poses a serious risk of harm to the officer. *See McDowell v. Deparlos*, No. 1:15-cv-00487, 2016 WL 423778 * 6 (M.D. Pa. Jan. 7, 2016) *report and recomm. adopted*, No. 1:15-CV-0487, 2016 WL 407393 (M.D. Pa. Feb. 3, 2016) (citing *Arnold v. Jones*, 897 F.2d 1370, 1373 (8th Cir. 1989); *Parker v. Mulderig*, No. CIV. A. 92-2645, 1993 WL 44275, *5 (E.D. Pa. Feb. 17, 1993) (also adopting the Eighth Circuit caselaw).  Therefore, the alleged failure of Defendants to intervene and stop the attack on Petitioner does not constitute a claim under the Eighth Amendment.

Furthermore, the appellate courts have recognized that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim. *See e.g., Jones v. Beard,* 145 F. App'x 743 (3d Cir.2005).  In order to show deliberate indifference in the context of inmate-on-inmate violence, a plaintiff would need to come forward with evidence showing a substantial basis for demonstrating that a prison official was deliberately indifferent in the face of

information that presented a substantial risk to inmate safety for a particular inmate-plaintiff. As the Supreme Court has observed in this context: "If an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was *longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,* and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk *and thus must have known about it,* then such evidence would permit a trier of fact to find that the defendant-official had actual knowledge of the risk." *Farmer v. Brennan,* 511 U.S. 825, 842–43 (1994) (*emphasis added*).

Here, there is no allegation of ongoing threats or past assaults from the inmate that attacked Plaintiff. Therefore, there are no allegations that Defendants had any knowledge that there was a risk of the inmate attacking Plaintiff. As such, the Eighth Amendment claim will be dismissed without prejudice.

**B. Plaintiff's Motion for Appointment of Counsel Will Be Denied.**

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).

However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

Plaintiff has not made a threshold showing for the appointment of counsel in a civil case, and his motion will be denied without prejudice to him seeking appointment when he can meet the threshold.

## CONCLUSION

For the above stated reasons, Plaintiff's amended complaint will be dismissed without prejudice and his motion to appoint counsel will be denied without prejudice.  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245.  Thus, the court will grant Plaintiff an opportunity to further amend his complaint.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 25, 2025