IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISREAL S. DIAZ, | : | Civil No. 1:25-CV-00307 |
| Plaintiff, | : | |
| v. | : | |
| DIPIERO, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is Isreal S. Diaz's ("Plaintiff") second amended complaint. (Doc. 18.) The court will screen the second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismiss it with prejudice since Plaintiff did not cure the pleading defects identified in the court's August 25, 2025 order dismissing the first amended complaint.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a self-represented inmate currently housed at the State Correction Institution Benner Township ("SCI-Benner Township"), initiated this action by filing a complaint, which was received and docketed in the United States District Court for the Eastern District of Pennsylvania on February 12, 2025. (Doc. 1.) The case was transferred to this district on February 20, 2025. (Doc. 3.) On that same day, this court issued an administrative order directing Plaintiff to either pay

1

the filing fee or file a completed application to proceed *in forma pauperis* within thirty days, or face the complaint being dismissed. (Doc. 6.)

The court did not receive either a filing fee or the completed application to proceed *in forma pauperis* and dismissed the complaint without prejudice on April 3, 2025. (Doc. 8.) On June 11, 2025, the court received and docketed a motion to reopen the case. (Doc. 12.) The court denied this motion and granted Plaintiff leave to renew the motion with either a completed motion to proceed *in forma pauperis* or the filing fee paid in full. (Doc. 13.)

On July 18, 2025, the court received and docketed an amended complaint attached as an exhibit. (Doc. 14-1.) In this amended complaint, Plaintiff named two defendants: (1) Correctional Office Taylor ("Taylor") and (2) Correctional Officer Shover ("Shover"). (Doc. 14-2, p. 3.)[1] He alleged that on October 10, 2024, while he was housed in the H-Block at SCI-Dallas, another inmate assaulted him and he received multiple stabs in the right side of his skull. (*Id.*, p. 6.) He stated that "[a]t that time C.O. Taylor and C.O. Shover were assigned to the H-Block. They saw the assault being done to me and did nothing to protect me." (*Id.*) Based on these facts, Plaintiff brought a failure to protect claim under the Eighth Amendment. (*Id.*, p. 5.) The court granted the motion to proceed *in forma pauperis* and screened the amended complaint. (Doc. 15.) The court found that

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

Plaintiff had failed to state a claim upon which relief may be granted because there is no requirement for unarmed officers to physically intervene in a prison fight and because Plaintiff did not allege any prior knowledge of potential risk. (*Id*.) The court then dismissed the amended complaint and granted Plaintiff leave to file a second amended complaint by August 25, 2025. (Doc. 16.)

The court received and docketed a second amended complaint on September 16, 2025. (Doc. 18.) This second amended complaint was dated August 8, 2025. (*Id*., p. 6.) Therefore, the court deems the amended complaint as timely filed.

The second amended complaint names three defendants: (1) Shover; (2) Taylor; and (3) Unit Manager DiPiero ("DiPiero"). (*Id*., pp. 2–3.) The alleged facts in the second amended complaint are contained in the following paragraph:

> That inmate Borges QA1320 assaulte which ice pick in my right side of skull makin threats to me he wasn't paying me for loan of 10 deey rich packs of coffee I loan him he was also a block worker who CO Shover CO Taylor did nothing to stop this inmate from coming to my HA 3 cell not use there small pepper spray batter either I was take to medical then to RHU syray was provided for 4 hole to numb pain no pain killer or stiches was not provided see picture.

(Doc. 15, p. 4.) In the legal claims section, Plaintiff states "ignore threats (1) by inmate Borge QA1320 CO Shover did CO Taylor did Play Video Tape See Picture of Incident Date." (*Id*., p. 5.)

The court will now screen the second amended complaint.

3

**JURISDICTION AND VENUE**

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Dallas, located in Luzerne County, Pennsylvania, which is in this district. *See* 28 U.S.C. § 118(b).

**SCREENING STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an in forma pauperis case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### DISCUSSION

### A. Plaintiff's Eighth Amendment Claim Will Be Dismissed With Prejudice.

The second amended complaint does not specifically allege a claim, but the alleged facts speak to an Eighth Amendment failure to protect claim premised on Defendants' alleged failure to intervene in an inmate-on-inmate attack in which Plaintiff was allegedly hurt. (Doc. 18.)

First, the court finds that there are no factual allegations alleged against Defendant DiPiero. (*Id.*) To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Therefore, without some alleged action or inaction on the part of Defendant DiPiero, the court will dismiss him as a party to the action.

Second, as to Defendants Shover and Taylor, there is no duty for an unarmed officer to physically intervene in a prison fight which poses a serious risk of harm to the officer. *See McDowell v. Deparlos*, No. 1:15-cv-00487, 2016 WL 423778 * 6 (M.D. Pa. Jan. 7, 2016) *report and recomm. adopted*, No. 1:15-CV-0487, 2016 WL 407393 (M.D. Pa. Feb. 3, 2016) (citing *Arnold v. Jones*, 897 F.2d 1370, 1373 (8th Cir. 1989); *Parker v. Mulderig*, No. CIV. A. 92-2645, 1993 WL 44275, *5 (E.D. Pa. Feb. 17, 1993) (also adopting the Eighth Circuit caselaw). Therefore, the

alleged failure of these Defendants to intervene and stop the attack on Petitioner does not constitute a claim under the Eighth Amendment.

Furthermore, the appellate courts have recognized that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim.  *See e.g., Jones v. Beard,* 145 F. App'x 743 (3d Cir.2005).  In order to show deliberate indifference in the context of inmate-on-inmate violence, a plaintiff must come forward with evidence showing a substantial basis for demonstrating that a prison official was deliberately indifferent in the face of information that presented a substantial risk to inmate safety for a particular inmate-plaintiff.  As the Supreme Court has observed in this context: "If an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was *longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,* and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk *and thus must have known about it,* then such evidence would permit a trier of fact to find that the defendant-official had actual knowledge of the risk."  *Farmer v. Brennan,* 511 U.S. 825, 842–43 (1994) (*emphasis added*).

Here, Plaintiff vaguely alleges there were threats that were ignored.  (Doc. 10, p. 5.)  However, this vague allegation is not sufficient to survive screening.  *See Iqbal*, 556 U.S. at 678.  Plaintiff does not allege that any of the Defendants

were aware of the threats or the nature of these threats.  As such, the Eighth Amendment claim will be dismissed.

Because Plaintiff was aware of this pleading deficiency and did not cure it in his second amended complaint, the court finds that further amendments would be futile and will dismiss the second amended complaint with prejudice.  *See Phillips*, 515 F.3d at 245 (Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.)

### Conclusion

For the above stated reasons, Plaintiff's second amended complaint will be dismissed with prejudice and the case will be closed.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 1, 2025